UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| SCOTT A. MERRITT, and MERRITT VENTURES, INC., <br><br> *Plaintiffs*, <br> v. <br><br> PERFORMANCE FIRST, AUTOGUARD ADVANTAGE CORPORATION, and DIMENSION SERVICE CORPORATION, <br><br> *Defendants*. <br> _____/ | Case No. 1:23-cv-11714 <br><br> Thomas L. Ludington <br> United States District Judge <br><br> Patricia T. Morris <br> United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON DEFENDANT
AUTOGUARD ADVANTAGE AND DIMENSION SERVICE
CORPORATION'S
MOTION TO DISMISS (ECF No. 34)**

I.  **RECOMMENDATION**

For the following reasons, **I RECOMMEND** that this Court **GRANT** Defendants' motion to dismiss (ECF No. 34), dismiss the case in its entirety, and that the Court should consider enjoining Plaintiff from further filings without prior permission from the Court.

## II. REPORT

### A. Background

In this case, *pro se* Plaintiff Scott A. Merritt again (see E.D. Mich. Case No. 23-11348) filed claims against the Defendants that arise out his purchase of a 2014 Land Rover vehicle from Westmont Lincoln, LLC, on approximately August 21, 2019. (ECF No. 1.) Plaintiff also files on behalf of Merritt Ventures, Inc., but, as noted by Defendants, a corporation cannot represent itself nor can a pro se person represent a corporation. See, 28 U.S.C. § 1654; *Mian v. Mahfooz*, 2022 WL 2128063, at *2 (E.D. Mich. May 24, 2022)(citing sec. 1654 and noting that "[t]he statute, however, does not permit an individual to appear on behalf of a corporation. Corporations must appear by counsel or not at all; a pro se litigant cannot represent a corporation.")(internal citations omitted).

Defendants Autoguard Advantage Corporation and Dimension Service Corporation (Defendants) move to dismiss based on this court's lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Defendants contend that although the parties are diverse, Plaintiff's complaint fails to present clear allegations that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The Court has considered all the arguments raised in the motion and responses.

### B. Motion to Dismiss Standards

Defendants seek dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Federal court jurisdiction is limited to cases that raise a colorable claim under the United States Constitution or a law of the United States under 28 U.S.C. § 1332,, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006), or where complete diversity of citizenship exists and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.] 28 U.S.C. § 1332(a).

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

### C. Analysis

Plaintiff's complaint does not raise a federal question and although the parties in this case are diverse, I suggest that Plaintiff's complaint does not contain allegations sufficient to show that the amount in controversy exceeds $75,000. Plaintiff bears the burden to establish this Court's authority to hear the case. *Kokkonen v. Guardian Life Ins. Co. of Am,* 511 U.S. 375, 377 (1994).

Plaintiff's complaint, although difficult to discern revolves around the purchase of an automobile whose price was $37,004.79. (ECF No. 1, PageID.13.) Plaintiff alleges that he has paid $7,817.23 in repairs of the vehicle. (ECF No. 1, PageID.45-46.) The actual expenses he has incurred is far below the $75,000 figure and even if Plaintiff were somehow able to justify being reimbursed for the cost of the vehicle plus his expenses, that figure would not come close to the requisite amount.[1] However, Plaintiff indicates that he seeks $137,000 in damages for "covered expenses, loss, car rentals, insurance premiums, lost wages, loss of use of asset." (ECF No. 1, PageID.5.) The "'large economic damages' are a 'conclusory allegation' that the Court needn't accept for determining the amount in controversy."

---

[1] Defendant also argues that the entire amount could not exceed the retail price per the sales contract. (ECF No. 34, PageID.206.)

4

*Cain v. Sanders*, 2022 WL 566780, at *2 (W.D. Ky. Feb. 24, 2022)(internal citations omitted).

Even if the Court were to scour the Complaint, there is no factual information provided in the complaint to support this figure. Plaintiff attaches checks made out, presumably for repairs performed by Ogden Lincoln in the amounts of $3,000. (ECF No. 1, PageID.10), and $500 (ECF No. 1, PageID.11.) Plaintiff also attaches a "demand letter" he sent to a "Mr. Lozzo" of Ogden Lincoln wherein he lists all the needless expenses he incurred due to defects in the automobile he purchased: $1077.25 for wheel and tire damage that should have been covered by the wheel and tire plan; $744.48 for 2 tires that had to be replaced due to misrepresentation; $200 for an oil change that should have occurred prior to delivery but was not completed; $765.06 for the cost of rear main seal; $13357.93 for the cost of ball joints replaced and alignment; $3,295 for the cost of warranty plans for drive train and wheel and tire plans; 197.70 for reduced sales tax on this $3,295; and $179.81 for a document fee spent fixing all the mistakes. (ECF No. 1, PageID.45-46.) Plaintiff then concludes that a total of $7,817.23 is owed to him. (ECF No. 1, PageID.46.) Again, these figures fall short of the requisite amount of $75,000 for this court to have jurisdiction.

Plaintiff's complaint does not set forth what his actual claims are, but even if we construe to complaint generously, the most that can be read into the statements

made are perhaps claims for breach of contract, misrepresentation, or breach of warranty. Unfortunately for Plaintiff, the added damages he seeks for lost wages and loss of use of an asset, and insurance premiums are simply too attenuated. Michigan law "provides that 'the damages recoverable for breach of contract are those that arise naturally from the breach or those that were in contemplation of the parties at the time the contract was made.'" *Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 719 (E.D. Mich. 2005). None of these unspecified damages are of the type that flow naturally from the purchase of a vehicle nor could they have been contemplated by the parties at the time of the contract. Although Plaintiff may be able to at least posit an argument that rental of an alternate vehicle might be the type of damage that flows naturally, he gives no figure for what that amount might be. If Plaintiff would attempt to use the car rental figure to fill the gap between $7,817.23 and $75,000, I suggest that such an enormous amount for rental of a vehicle while the purchased vehicle is being repaired (an amount nearly double the purchase price) would not be a figure that would naturally flow from a purchase agreement for an automobile nor could it have possibly been contemplated by the parties. *McCune v. JPay, Inc.*, 2017 WL 3437660, at * 3 (S.D. Ohio Aug. 10, 2017)(finding a lack of diversity jurisdiction based on the requisite dollar amount in an alleged defective product case where "[e]ven construed liberally, Plaintiff's purchases come nowhere near the requisite $75,000 in controversy"). Therefore, I suggest there is no scenario

in which Plaintiff's allegations could reasonably satisfy this court's subject matter jurisdiction.

Finally, I suggest that the Court should consider whether to enjoin Plaintiff from filing further cases absent permission from the Court. Plaintiff has recently filed a lawsuit regarding the same vehicle purchase that the undersigned also recommends to be dismissed, i.e., E.D. Mich. Case No. 23-11348. In the past, Plaintiff has filed numerous frivolous lawsuits that were *sua sponte* dismissed because they failed to state a claim upon which relief could be granted. E.D. Mich. Nos. 12-12903, 12-13645, 12-13717, 12-14233. In addition, several cases were dismissed via motion to dismiss for failure to state a claim. E.D. Mich. Case Nos. 12-14141, 13-10768.

### D. Conclusion

For the reasons discussed above, **I RECOMMEND** that this Court **GRANT** Defendant's motion to dismiss. (ECF No. 34). I further recommend the court consider enjoining Plaintiff from further filings unless he receives prior permission from the Court.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  November 29, 2023                              s/ PATRICIA T. MORRIS
                                                      Patricia T. Morris
                                                      United States Magistrate Judge