UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT A. MERRITT, and MERRITT
VENTURES, INC.,

                Plaintiffs,

v.

PERFORMANCE FIRST, et al.,

                Defendants.
_____/

Case No. 1:23-cv-11714

Honorable Thomas L. Ludington
United States District Judge

Honorable Patricia T. Morris
United States Magistrate Judge

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS; ADOPTING REPORT AND RECOMMENDATION; GRANTING DEFENDANTS AUTOGUARD AND DIMENSION'S JOINT MOTION TO DISMISS; DISMISSING CASE; AND DENYING DEFENDANT PERFORMANCE FIRST'S MOTION TO DISMISS AS MOOT**

*Pro se* Plaintiffs Scott Merritt and "Merritt Ventures Inc." sued three car insurance companies seeking to recover damages from alleged breaches of warranty contracts contemplated in 2019 when Mr. Merritt purchased a Land Rover from a car dealership in Illinois. After all Defendants filed motions to dismiss, Magistrate Judge Patricia T. Morris issued a report recommending this Court dismiss Plaintiffs' Complaint for failure to satisfy the amount-in-controversy requirement to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiffs objected to Judge Morris's report, asserting two separate arguments. As explained below, both arguments are improper and, even when considered, without merit. Accordingly, Plaintiffs' objection will be overruled and Plaintiffs' Complaint will be dismissed.

I.

On June 18, 2023, Plaintiffs Scott A. Merritt and "Merritt Ventures Inc,"[1] filed a *pro se* Complaint against Defendants (1) Performance First; (2) Autoguard Advantage Corporation ("Autoguard"); and (3) Dimension Service Corporation ("Dimension"). ECF No. 1. The handwritten portions of Plaintiffs' *pro se* Complaint are largely illegible and unclear. *See generally id.* For example, when prompted to "[l]ist the specific federal statutes" or constitutional provisions "at issue in this case," Mr. Merritt writes "interstate commerce," "contracts & fraud over state lines," and "insurance law over state lines." *Id.* at PageID.4. Attachments reveal that the Complaint concerns Mr. Merritt's 2019 purchase of a 2014 Land Rover from a car dealership in Westmont, Illinois for $37,004.79.[2] *Id.* at PageID.9–10, 13. Indeed, Plaintiffs attach a demand letter Mr. Merritt wrote to the owner of the Illinois car dealership on January 21, 2020, in which Mr. Merritt made three primary allegations. First, Mr. Merritt asserted that the dealership—a nonparty in this case—misrepresented the Land Rover's driving condition. Second, Mr. Merritt alleged the

---

[1] The Complaint does not explain what "Merritt Ventures Inc." is, nor how this purported corporation was involved in or impacted by any allegations within the Complaint. *See* ECF No. 1. Moreover, a corporation cannot proceed *pro se*, and a *pro se* individual—such as Mr. Merritt—cannot represent a corporation. *See* 28 U.S.C. § 1654; *Mian v. Mahfooz,* 2022 WL 2128063, at *2 (E.D. Mich. May 24, 2022) ("Corporations must appear by counsel or not at all; a pro se litigant cannot represent a corporation.")

[2] This is not the first *pro se* complaint Mr. Merritt has filed concerning the Land Rover he purchased in Illinois. Indeed, the same month Merritt filed the above-captioned case, he filed another one in this Court—without naming "Merritt Ventures Inc" as another plaintiff—alleging defendants (1) Santander Consumer USA, Inc., (2) Ogden Lincoln of Westmont Illinois, and (3) Marc Lozzo, the owner of the dealership, engaged in unspecified deceptive practices. *Merritt v. Santander Consumer USA*, No. 1:23-CV-11348, 2023 WL 8357935 (E.D. Mich. Dec. 1, 2023*), appeal dismissed sub nom. Merritt v. Santander Consumer USA Inc.*, No. 24-1002, 2024 WL 3243889 (6th Cir. May 3, 2024). In December 2023, this Court transferred that case to the United States District Court for the Northern District of Illinois. *Id.* Once transferred, the Northern District of Illinois stayed the case, concluding that a binding arbitration agreement barred Mr. Merritt's claims. *Merritt v. Santander Consumer USA, et al.*, No. 1:23-cv-16494 (N.D. Ill. June 25, 2024), ECF No. 49. Notably, in June 2024, the Northern District of Illinois dismissed Mr. Merritt's complaint with prejudice, finding that he failed to prosecute his case because he made no efforts to arbitrate his claims. *Id.*

dealership told him that he was approved for certain "drive train and wheel and tire" warranty insurance coverage through Defendants when, in reality, Defendants denied Mr. Merritt's warranty application in September 2019, apparently *after* Mr. Merritt alleged he paid $3,295 for the plans. *Id.* at PageID.44–45; *see also id.* at PageID.38. Third, Mr. Merritt contended that he spent $7,817.23 in repairs shortly after purchasing the Land Rover to render the car "road ready." *Id.* at PageID.36. Yet Plaintiffs' Complaint seeks $137,000 in damages for unidentified "covered expenses, loss, car rentals, insurance premiums, lost wages, [and] loss of use of asset." *Id.* at PageID.5.

The day after Plaintiffs filed the Complaint, this Court referred all pretrial matters to Magistrate Judge Patricia T. Morris. ECF No. 4. On October 31, 2023, Autoguard and Dimension filed a joint motion to dismiss for lack of subject matter jurisdiction under Civil Rule 12(b)(1) and for failure to state a claim under Civil Rule 12(b)(6). ECF No. 34. Mr. Merritt did not respond, despite Judge Morris's order to do so. ECF No. 35. On November 10, 2023, Performance First filed its own Motion to Dismiss, largely asserting the same arguments as the other Defendants. ECF No. 36. Mr. Merritt responded two weeks later. ECF No. 39.

On November 29, 2023, Judge Morris issued a report ("R&R") recommending this Court dismiss Plaintiffs' Complaint for lack of jurisdiction. ECF No. 40. Specifically, Judge Morris concluded that, although hard to decipher, Plaintiffs' Complaint "does not raise a federal question" to invoke this Court's subject matter jurisdiction under 28 U.S.C. § 1331. *Id.* at PageID.258. And "although the [P]arties . . . are diverse," Judge Morris concluded Plaintiffs' complaint "does not contain allegations sufficient to show that the amount in controversy exceeds $75,000" to invoke this Court's diversity subject matter jurisdiction under 28 U.S.C. § 1332. *Id.* Although Plaintiffs pleaded $137,000 in unspecified economic damages for "covered expenses, loss, car rentals,

insurance premiums, lost wages, [and] loss of use of asset," ECF No. 1 at PageID.5, Judge Morris concluded this "'conclusory allegation'" need not be accepted by this court when determining the applicable amount in controversy. ECF No 40 at PageID.258–59 (citing *Cain v. Sanders*, 2022 WL 566780, at *2 (W.D. Ky. Feb. 24, 2022)). And, after "scour[ing] the Complaint," Judge Morris concluded that Plaintiffs did not provide any factual allegations to support the $137,000 they requested, distinguishing between this request and the $7,817.23 in specific damages Mr. Merritt lists in his attached demand latter, which do not come close to the $75,000 amount in controversy requirement to invoke this court's diversity jurisdiction. *Id.* at PageID.259; *see also* 28 U.S.C. § 1332(a). Moreover, Judge Morris concluded that Plaintiffs could not properly seek damages for "lost wages" and "loss of use of an asset" because the Parties did not plausibly contemplate these types of damages at the time of Mr. Merritt's purchase of the Land Rover and Defendants' warranty coverage denial. *Id.* at PageID.260.

Plaintiffs objected to Judge Morris's R&R on January 2, 2024. ECF No. 41.

## II.

Under Civil Rule 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Any objection that fails to identify specific portions of the R&R will not be reviewed. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review[.]"). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before" is improper. *Aldrich v. Bock*, 327 F. Supp. 2d 743,

747 (E.D. Mich. 2004). Further, parties cannot "raise at the district court stage new arguments or issues that were not presented" before the R&R was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

If a party makes a timely and proper objection, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). When reviewing a report and recommendation *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court is free to accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

### III.

Like the Complaint, Plaintiffs' objection is difficult to discern. *See* ECF No. 41. Construing the objection liberally, Plaintiffs seemingly assert two arguments. Each argument will be addressed in turn.

### A.

First, Plaintiffs "ask that the case be reassigned to an alternative judge," suggesting that the undersigned and Judge Morris should recuse because, in Plaintiffs' view, both are "blatant[ly] bias . . . in favor of the [D]efendants." ECF No. 41 at PageID.264. But this is not an objection to Judge Morris's R&R, and will be overruled accordingly.[3] *Zlatkin v. Twp. of Butman*, No. 1:23-CV-12693, 2024 WL 3520799, at *8 (E.D. Mich. July 24, 2024).

---

[3] Notably, even if this Court were to consider Plaintiffs' recusal argument, such argument fails on the merits. Federal judges "shall disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned" or "[w]here [they have] a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §§ 455(a) and (b)(1). Prejudice or bias sufficient to justify recusal can take one of two forms: (1) personal or extrajudicial prejudice, or (2) less commonly, judicial prejudice

**B.**

Second, Plaintiffs argue Judge Morris's conclusion that the Complaint did not satisfy the $75,000 amount-in-controversy requirement to invoke diversity jurisdiction "is absolutely absurd." ECF No. 41 at PageID.264. In support of this argument and their alleged damages, Plaintiffs present nearly 25 pages of loosely organized, and sometimes duplicative, invoices and estimates for car costs and services spanning from December 2019 through April 2023. *Id.* at PageID.275–96, 299–300, 305–07. But these invoices were not presented to Judge Morris for her R&R review and thus cannot be considered here. *Murr v. United States*, 200 F.3d 895, 902, n. 1 (6th Cir. 2000) (concluding the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.* "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate").

Even if considered, these invoices and estimates would not change Judge Morris's conclusion. Under the well-recognized "legal certainty test," a complaint should be dismissed for lack of diversity jurisdiction under Rule 12(b)(1) if it "appear[s] to a legal certainty that the claim is really for less than" $75,000. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *see also Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005). On this Court's *de novo* review, it appears to a legal certainty that the value of Plaintiffs' claims against Defendants are far less than necessary to invoke this Court's diversity jurisdiction. Assuming *arguendo* that *every*

---

stemming from the judge's conduct in and contact with the instant, or other, formal judicial proceedings. *United States v. Andrews*, No. 1:22-CR-20114-2, 2023 WL 7323202, at *3–4. (E.D. Mich. Nov. 7, 2023). Plaintiffs point to the latter, less common form, and argue that the undersigned is biased against them because the undersigned has dismissed prior cases brought by Mr. Merritt. ECF No. 41 at PageID.264–65. But "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of . . . current . . . or . . . prior proceedings, do *not* constitute a basis for a bias or [prejudice] *unless* they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. at 555 (emphasis added). Plaintiffs have shown no "deep seated favoritism or antagonism" here. *See generally* ECF No. 41.

expense—even duplicative expenses—listed in *every* invoice attached to Plaintiffs' objection is fairly attributable to Defendants' alleged breach of contract—a showing Plaintiffs do not even attempt to make—the invoices total around $54,000. *See* ECF No. 41 at PageID.264, 275–96, 299–300, 305–07. So how do Plaintiffs attempt to close the over $20,000 gap between these invoices and the $75,000 amount-in-controversy requirement? Plaintiffs point to rental car costs, lost wages, and punitive damages. ECF No. 41 at PageID.264–66.

But Judge Morris already considered, and rejected, Plaintiffs' rental car and lost wages arguments. Judge Morris concluded Plaintiffs could not recover lost wages as damages because any lost income does not "flow naturally" from Mr. Merritt's purchase of his Land Rover, and could not have been "contemplated by the [P]arties at the time of the contract[s]" at issue." ECF No. 40 at PageID.260 (citing *Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 719 (E.D. Mich. 2005) (noting recoverable damages in breach of contract claims are limited to those which flow naturally from the breach or those that were contemplated by the parties at the time of contract)). Although Judge Morris noted Plaintiffs could, in theory, argue rental car costs naturally flowed from the alleged breach of the Land Rover's warranty contract, she concluded Plaintiffs "give[] no figure for what" these costs actually are, noting that any cost "enormous" enough to bridge the amount-in-controversy gap would be implausible. *Id.* To the extent Plaintiffs conclusively argue, without explaining, that these two speculative damages should be considered when calculating the amount in controversy, Plaintiffs' objection will be overruled. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before," is improper).

Plaintiffs' third amount-in-controversy argument concerns punitive damages, which was not addressed in Judge Morris's R&R. True, as Plaintiffs argue, punitive damages *may* be considered in a court's determination of the amount in controversy requirement. ECF No. 41 at PageID.264. But there are two problems with Plaintiffs' apparent suggestion that this court should look to punitive damages to fill the $20,000 gap between the provided invoice expenses and the amount-in-controversy requirement. First, although Plaintiffs expressly seek punitive damages in their Complaint, ECF No. 1 at PageID.6, Plaintiffs do not specify the *amount* of punitive damages they seek. *See Currie v. JPMorgan Chase Bank, N.A.*, No. 2:12-CV-02915-JPM, 2013 WL 3776217, at *8 (W.D. Tenn. July 16, 2013) ("The mere possibility of punitive damages is insufficient to prove the amount in controversy is satisfied."). Second, and more importantly, courts cannot consider punitive damages while calculating the amount in controversy when it is "apparent to a legal certainty" that punitive damages cannot be recovered. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Here, as Judge Morris concluded and Plaintiffs did not object, Plaintiffs' Complaint—at best—alleges breach of contract claims. *See generally* ECF No. 1. But punitive damages are "not recoverable" in breach of contract claims "absent allegation and proof of tortious conduct that is "independent of the breach." *Casey v. Auto Owners Ins. Co.*, 729 N.W.2d 277, 286 (Mich. Ct. App. 2006) (internal quotations omitted). Here, Plaintiffs do not allege any tortious conduct independent of Defendants' apparent alleged breach of vehicle service contracts. *See generally* ECF No. 1. So, punitivie damages cannot be considered as part of Plaintiffs' amount-in-controversy calculation.

In sum, to the extent Plaintiffs argue Judge Morris erred in concluding the Complaint does not satisfy the amount-in-controversy requirement to invoke diversity jurisdiction, Plaintiffs' objection will be overruled. Plaintiffs improperly rely on invoices that were not attached to the

complaint nor discussed or provided before objecting to the R&R and, even considering these invoices on *de novo* review, it appears to a legal certainty that Plaintiffs claims against Defendants do not exceed the $75,000 amount in controversy requirement under 28 U.S.C. § 1332(a).

### IV.

Accordingly, it is **ORDERED** that Plaintiffs' Objection, ECF No. 41, is **OVERRULED.**

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 40, is **ADOPTED.**

Further, it is **ORDERED** that Defendants Autoguard and Dimension's joint Motion to Dismiss, ECF No. 34, is **GRANTED.**

Further, it is **ORDERED** that Plaintiffs' Complaint, ECF No. 1, is **DISMISSED.**

Further, it is **ORDERED** that Defendant Performance First's Motion to Dismiss, ECF No. 36, is **DENIED AS MOOT.**

**This is a final order and closes the above-captioned case.**

Dated: August 26, 2024                s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge